**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GWENDOLYN WHITE, | |
| *Plaintiff*, | |
| v. | No. 24-cv-769 (DLF) |
| DISTRICT OF COLUMBIA, | |
| *Defendant*. | |

## MEMORANDUM OPINION

Gwendolyn White brought this action to recover attorneys' fees and costs incurred in successful administrative proceedings against the District of Columbia Public Schools under the Individuals with Disabilities Education Act (IDEA).  On July 22, 2025, the Court granted in part White's motion for attorneys' fees.  *See* Order, Dkt 13.  It ordered White to produce adjusted invoices in accordance with the Court's Memorandum Opinion, Dkt. 14, and it ordered the District to file supplemental briefing on White's request for fees-on-fees.  *See* Order 1.  Before the Court are (1) the District's supplemental brief, Dkt. 18; (2) White's response thereto, Dkt. 20; and (3) White's 2026 inflation-adjusted invoices, *see* Dkts. 21-1; 21-2.  For the following reasons, the Court will accept White's adjusted invoices in full and order the District to pay her attorneys' fees and costs.

The District argues that White's fees-on-fees request is excessive and should be reduced for limited success.  To start, the District waived these arguments.  In her motion for attorneys' fees, White sought *both* attorneys' fees incurred in "the underlying administrative litigation" *and* "fees and costs incurred in this case," all of which totaled almost $200,000.  Dkt. 8, at 1.  In its opposition, the District did not substantively address White's request for fees-on-fees.  *See*

*generally* Dkt. 9; *see also* Dkt. 20, at 6.  The District may not now raise arguments about White's fees-on-fees request that it failed to raise in its opposition.  *See Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014).  But because the Court's language directing the District to file a sur-reply as to "the plaintiff's fees-on-fees request as invoiced in the reply brief" was ambiguous and could be read broadly to include the entirety of White's fees-on-fees request, Order 1, the Court will address the District's new arguments.

"IDEA litigants are entitled to receive compensation for the hours expended pursuing an initial fee award in District Court."  *Reed v. District of Columbia*, 843 F.3d 517, 526 (D.C. Cir. 2016). And since the D.C. Circuit's decision in *Reed v. District of Columbia*, 843 F.3d 517 (D.C. Cir. 2016), "courts in this district have ordered fees-on-fees awards at the same rates as those awarded to the attorneys for the underlying administrative action."  *Merrick v. District of Columbia*, 316 F. Supp. 3d 498, 517 (D.D.C. 2018); *see also McNeil v. District of Columbia*, 233 F. Supp. 3d 150, 155 (D.D.C. 2017) (Applying different rate to fees-on-fees request "would be illogical given that the initial fee proceeding and this proceeding are parts of the same action."); *Lloyd ex rel. M.L. v. Ingenuity Prep Pub. Charter Sch.*, No. 18-cv-00801, 2020 WL 6822681, at *6 n.8 (D.D.C. Nov. 20, 2020).  Nonetheless, the Court must still determine that any fees-on-fees award is "reasonable" and not excessive.  *Merrick*, 316 F. Supp. 3d at 517.  And the Court may "exercise[] its discretion" to reduce fees-on-fees awards in IDEA cases to account for plaintiffs' limited success in their initial fee awards.  *McAllister v. District of Columbia*, 160 F. Supp. 3d 273, 280 (D.D.C. 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)), *aff'd*, 689 F. App'x 646 (D.C. Cir. 2017).

Although the District does not dispute that the same hourly rate should apply to White's fees-on-fees as to the fees awarded for the underlying IDEA litigation (in this case, 75% of the

Fitzpatrick matrix per the Court's Memorandum Opinion), it contends that because White "originally sought $143,337.60" in attorneys' fees "connected to the administrative litigation" and was awarded only $85,198.88—"or about 60% of her requested fees"—the Court should apply a corresponding 40% reduction to White's fees-on-fees request.[1]  Dkt. 18, at 3.  The District also argues that because White's fees-on-fees award would be "over 45% of the claimed total cost of this litigation" and because her counsel was unsuccessful in obtaining their "sought-after rates," White's fees-on-fees award is excessive and should be reduced by 50%.  *Id.* at 4–5.  The District does not identify any specific time entries that are "excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434, except for flagging a few entries where "multiple attorneys perform[ed] the same work," Dkt. 18, at 4 n.1.  But these entries were occasions when "two lawyers read[] the same document," Dkt. 20, at 10 n.4, and they are not excessive.

The Court concludes that White's fees-on-fees request is reasonable and will not exercise its discretion to reduce the award for limited success.  The District's primary argument is that White's attorneys sought $143,337.60 in fees for the underlying IDEA litigation but will receive only $85,198.88.  *See* Dkt. 18, at 3.  According to the District, White achieved limited success and her fees-on-fees award should be reduced to reflect that limited success.  First, the Court notes that it found the number of hours White expended litigating the merits of her IDEA case reasonable.  *See* Mem. Op. 2–3.  In fact, out of over 150 hours, *see* Dkt. 18, at 4, the Court deducted only 1.9 hours from White's invoices and White herself removed 11.6 hours, *see* Mem. Op. 4–5.  Almost all of the difference between White's requested fee amount and the ultimate award stemmed from the Court's decision to apply 75% of the Fitzpatrick matrix as a reasonable rate as opposed to the

---

[1] The Court refers to the amounts that appear in the parties' briefs, which were not yet adjusted for 2026 inflation.  *See* Dkt. 21.

*Laffey* rates requested by White.  *See id.* at 6–10.  The Court will not penalize White's counsel for pursuing *Laffey* rates, albeit unsuccessfully, because the question whether *Laffey* or Fitzpatrick rates apply in IDEA cases is not fully resolved in this Circuit, and White cited decisions applying her desired *Laffey* rates.  *See* Dkt. 20, at 8–9 (citing cases).  Moreover, White's counsel, an experienced IDEA practitioner, spent "relatively little time" on the reasonable rate argument given he could reuse prior briefs.  *Id.* at 11.  And even though the fees-on-fees award of $71,580.90 (approximately 109 hours) is high when compared to the award for the underlying IDEA litigation of $85,198.88 (approximately 151 hours), *see* Dkt. 18, at 4, it would not "constitute an unsupportable windfall" in this case, *Urb. Air Initiative, Inc. v. EPA*, 442 F. Supp. 3d 301, 327 (D.D.C. 2020).  The Court agrees with White that "the District controlled the scope of this litigation." Dkt. 20, at 10.  The litigation was prolonged and complicated and required significant work.  The District made an ambiguous offer of judgment, failed to answer clarifying questions about that offer from White in a timely manner, and ignored White's offer of judgment weeks later. *See id.* at 1–5, 10.  The Court will not exercise its discretion to reduce the fees-on-fees award and finds that it is not excessive given the facts of this case.

Finally, the Court need not address the District's separate argument concerning its purported offer of judgment under Federal Rule of Civil Procedure 68.  *See* Dkt. 18, at 1–3.  The District contends that on January 24, 2025, it "conveyed an offer of judgment to Plaintiff in which the District agreed to pay Plaintiff $115,000.00 in full satisfaction of all claims in this matter." *Id.* at 2.  Because the Court rejects the District's proposed limited-success reduction to White's fees-on-fees request, the purported offer of judgment was not more favorable than White's final award. *Contra id.* at 1–3.  Regardless, the Court would likely find that the District's offer was too

4

ambiguous to be a valid offer of judgment under Rule 68 for the reasons offered by White. *See*

Dkt. 20, at 1–5.

**CONCLUSION**

For the foregoing reasons, the Court will award in full White's attorneys' fees and costs,

including the fees-on-fees incurred in litigating this case, as itemized in White's 2026 Inflation-

Adjusted Itemizations. *See* Dkts. 21; 21-1; 22-2.[2] A separate order consistent with this decision

accompanies this memorandum opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

June 24, 2026

---

[2] The award will include time spent by White's counsel litigating this matter "since the Court issued its Order and Opinion," including approximately "10 hours of work" responding to the defendant's sur-reply. Dkt. 20, at 11. The Court understands that White's latest 2026 inflation-adjusted itemizations have been updated to include all of this additional time. *See* Dkt. 21, at 1; Dkt. 21-2, at 3.